COLEMAN, Judge.
Gerry Carlton Askew appeals his bench trial conviction for possession of cocaine with the intent to distribute in violation of Code § 18.2-248. The sole issue on appeal is whether the evidence is sufficient to support a finding that appellant intended to distribute the cocaine. He posits that the only proven fact which the court could have relied upon to support the finding that he intended to distribute cocaine was that he possessed 7.36 grams of crack cocaine, an amount that is not inconsistent, as a matter of law, with personal use. For the reasons that follow, we affirm the conviction.
*107 BACKGROUND
“On appeal, Ve review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.’ ” Archer v. Commonwealth, 26 Va.App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). “The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it.” Beck v. Commonwealth, 2 Va.App. 170, 172, 342 S.E.2d 642, 643 (1986) (citations omitted).
Sergeant Butler and Officer Brown stopped a car in Portsmouth in which appellant was the front seat passenger. As they approached the car, Butler saw appellant make furtive movements as if he were hiding something. Police arrested appellant based on an outstanding warrant for his arrest. Officer Brown searched appellant incident to the arrest and felt a suspicious item inside appellant’s pants. Sergeant Butler authorized Brown to conduct a strip search of appellant when they arrived at police headquarters. When Brown removed appellant from the cruiser at headquarters, he noticed a plastic bag of a substance he suspected to be crack cocaine lying on the front seat where appellant had been sitting. Brown then searched appellant and found $65 in small denomination bills and a pager. Appellant possessed no devices with which to ingest crack cocaine.
The plastic bag recovered from the car seat contained seven separate plastic bags containing off-white material, which tested positive for crack cocaine. The total amount of crack cocaine weighed 7.36 grams.
At trial, Detective Wright was qualified as an expert in the use and distribution of narcotics. He testified that the street value of 7.36 grams of cocaine was $700. Wright opined that 7.36 grams of crack cocaine, when considered with the cash, pager and lack of a smoking device, was inconsistent with personal use. On cross-examination, Wright stated that a typical user of crack cocaine consumes between two-tenths and one gram per day. Wright added that in the six years he *108 has investigated narcotics crimes he has not seen a user of crack cocaine who “stockpiled” three grams for personal use, much less 7.36 grams.
ANALYSIS
As part of his sufficiency argument, appellant contends Wright’s expert opinion “is itself inconsistent with other expert opinions, from other [expert] police witnesses, in other cases.” Furthermore, because so much variation exists between experts’ opinions in case law as to “the habits of users, then purported [] expert testimony about the consumption habits of users is without value as evidence ... [and] the lack of any common standard among these purported experts ... casts doubt on the reliability of their ‘expert’ opinions.” Thus, because Wright’s expert opinion as to what constitutes personal use was the only evidence of intent to distribute, other than the quantity which is insufficient as a matter of law, and because his expert opinion is unreliable, appellant argues that his conviction should be reversed.

Proving Intent to Distribute

In cases lacking direct evidence of drug distribution, intent to distribute “must be shown by circumstantial evidence.” Servis v. Commonwealth, 6 Va.App. 507, 524, 371 S.E.2d 156, 165 (1988). Among the circumstances that tend to prove an intent to distribute are “the quantity of the drugs seized, the manner in which they are packaged, and the presence of ... equipment related to drug distribution.” McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001) (citations omitted). Pagers and firearms are among the equipment that has been recognized as tools of the drug trade, the possession of which are probative of intent to distribute. Glasco v. Commonwealth, 26 Va.App. 763, 775, 497 S.E.2d 150, 156 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999). Furthermore, “the absence of paraphernalia suggestive of personal use ... [is] regularly recognized as [a] factor [ ] indicating an intent to distribute.” Welshman v. Commonwealth, 28 Va.App. 20, 37, 502 S.E.2d 122, 130 (1998) (en banc) *109 (citation omitted). ‘“Possession of a quantity greater than that ordinarily possessed for one’s personal use may be sufficient to establish an intent to distribute it.’ ” Gregory v. Commonwealth, 22 Va.App. 100, 110, 468 S.E.2d 117, 122 (1996) (finding sufficient evidence of intent to distribute based on possession of seven baggies containing a total of 3.7 grams of cocaine) (quoting Iglesias v. Commonwealth, 7 Va.App. 93, 110, 372 S.E.2d 170, 180 (1988) (en banc)); see also Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (proof that the quantity of drugs possessed exceeds an amount normally possessed for personal use, without more, can be sufficient to show an intent to distribute).
Circumstantial proof of a defendant’s intent includes the quantity of the drugs discovered, the packaging of the drugs, and the presence or absence of drug paraphernalia. Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use.
Shackleford, v. Commonwealth, 32 Va.App. 307, 327, 528 S.E.2d 123, 133 (2000) (citations omitted), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001).
Expert Testimony[1]
“An expert witness may express an opinion relative to the existence or nonexistence of facts not within common knowledge, but ‘the admission of expert opinion upon an ultimate issue of fact is impermissible because it invades the function of the fact finder.’ ” Zelenak v. Commonwealth, 25 Va.App. 295, 299, 487 S.E.2d 873, 875 (1997) (quoting Llamera v. Commonwealth, 243 Va. 262, 264, 414 S.E.2d 597, 598 (1992)). In Davis v. Commonwealth, 12 Va.App. 728, 733, 406 S.E.2d 922, 925 (1991), we approved the admissibility of expert *110 opinion testimony on the issue of whether the amount of an illegal drug possessed by an accused was, under the circumstances, inconsistent with individual personal use. But see Llamera, 243 Va. at 265, 414 S.E.2d at 599 (holding that expert testimony that quantity and packaging of cocaine suggested distribution was inadmissible opinion on ultimate issue of fact).
As we noted in Shackleford, 32 Va.App. at 327, 528 S.E.2d at 133, “expert testimony, usually that of a police officer,” is one factor or circumstance which the fact finder may consider in determining whether drugs were possessed with intent to distribute. Because the facts and circumstances in each drug-related case vary, no uniform standard exists to differentiate an amount that is always for personal use or for distribution. While many states have chosen to differentiate between the severity or degree of the offense based upon the amount in one’s possession, Virginia recognizes that a drug dealer may not always possess a large amount of the illegal contraband. Thus, proof of whether one possesses drugs for personal use or for distribution depends on the facts of each case. The creation of an evidentiary presumption based on possession of a specific amount is left to the legislature.
The quantum of evidence necessary to prove an intent to distribute depends on the facts and circumstances of each case. In addition to evidence proving the quantity and type of drug possessed, the Commonwealth may introduce opinion testimony from law enforcement officers familiar with the habits and propensities of local drug users as to what amounts are inconsistent with personal use.[2]

*111
Sufficiency of the Evidence

Appellant’s argument is primarily that Wright’s expert opinion is unreliable. He says that Wright’s opinion was that possession of 7.36 grams of crack cocaine, a pager and $65 in small bills was inconsistent with personal use, and that evidence was not sufficient to prove an intent to distribute.
As we have previously noted, Wright’s expert testimony is admissible and is not unreliable as a matter of law. His opinion that those factors he considered are inconsistent with personal use can be considered by the fact finder together with other evidence to determine whether the Commonwealth’s evidence proves beyond a reasonable doubt the intent to distribute. The record contains evidence, in addition to Wright’s expert opinion, to support the finding that appellant possessed the cocaine with the intent to distribute it. The police found seven individually wrapped packets of crack cocaine weighing 7.36 grams and having a street value of $700. Appellant’s possession of $65 in currency in small denominations and a pager, a device recognized as a tool of the drug trade, “the possession of which [is] probative of intent to distribute,” are additional facts together with Wright’s opinion testimony that support the finding of an intent to distribute. Glasco, 26 Va.App. at 775, 497 S.E.2d at 156. Appellant possessed no devices with which to personally consume crack cocaine. Moreover, although appellant testified at trial, he never admitted using crack cocaine or stating that he possessed it for personal use; instead he denied possessing it. See Shackleford, 32 Va.App. at 327, 528 S.E.2d at 133 (noting absence of claim that defendant used drugs or presence of *112 device with which to consume it). The Commonwealth’s evidence, which was based on more than Wright’s opinion, was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant possessed the cocaine with the intent to distribute it. Accordingly, we affirm the judgment of the trial court.

Affirmed.

. For a discussion on the use of expert testimony to prove intent to distribute, see Thomas M. Fleming, Annotation, Admissibility, in Criminal Prosecution, of Expert Opinion Allegedly Stating Whether Drugs Were Possessed with Intent to Distribute State Cases, 83 A.L.R.4th 629 (1991 and Supp.2002).

. Appellant argues on brief that the trial judge erroneously relied on his prior experience in trying drug cases to find that appellant did not possess the drugs for personal use, but with the intent to distribute. The trial judge stated:
The testimony of Mr. Wright is based upon [his] experience. The Court sees that testimony, too-and while that’s not evidence in the case, the things that we see in court day in and day out certainly would or perhaps would not give some credibility to the expert testimony that we sometimes receive in the these cases.
*111 "No ruling of the trial court ... will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.” Rule 5A:18.
Without determining whether the judge’s statement constituted a finding or ruling, appellant did not object to the trial judge’s statement. Accordingly, appellant is precluded from challenging the finding or ruling on appeal. See Rule 5A:18. Moreover, the record reflects no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.