COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Felton and Haley
Argued by teleconference


LAWRENCE JEROME FITZGERALD

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 1192-04-2           JUDGE RUDOLPH BUMGARDNER, III
                                                    JULY 5, 2005
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Walter W. Stout, III, Judge

          Gregory W. Franklin, Senior Appellate Defender (Office of the
          Public Defender, on briefs), for appellant.

          Paul C. Galanides, Assistant Attorney General (Judith Williams
          Jagdmann, Attorney General, on brief), for appellee.


        Lawrence J. Fitzgerald appeals his conviction of possession of heroin with intent to

distribute, Code § 18.2-248.  He maintains the evidence was insufficient to prove he intended to

distribute the heroin.  Finding the evidence was sufficient, we affirm.

        We view the evidence and the reasonable inferences fairly deducible therefrom in the

light most favorable to the Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578

S.E.2d 781, 786, cert. denied, 540 U.S. 972 (2003).  In doing so, we "examine the evidence that

tends to support the conviction," McCain v. Commonwealth, 261 Va. 483, 492, 545 S.E.2d 541,

547 (2001), and affirm if "*any* rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt," Jackson v. Virginia, 443 U.S. 307, 319 (1979).

        The resident of an apartment permitted Detective Sandy Ledbetter and two United States

marshals to search her apartment for a fugitive suspect.  The defendant and another man were

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

inside a bedroom playing Nintendo. The officers saw a crack pipe in plain view and a plastic bag containing an off-white rock substance partially concealed under the defendant's leg. The plastic bag contained 10 individually wrapped sections of the rock substance with a combined weight of .666 grams of heroin. The officers also found in the room a glass pipe with cocaine residue, a lighter, and several empty baggies.

Det. Ledbetter qualified as an expert in heroin distribution and packaging and explained how dealers prepare heroin for sale. They purchase "big chunk[s]" of heroin, spread it out, dilute it with a cutting agent, and then package it in smaller baggies. The long sheet of plastic had ten small, "wadded up" pieces of heroin knotted off, but still attached to the sheet. A dealer would burn the individual knots off the plastic sheet and sell the resulting separate packets for $10-15 each. The sheet of plastic and separate packets were introduced as an exhibit.

The detective opined that the quantity of drugs and manner of packaging were consistent with preparation for distribution and inconsistent with personal use. The quantity was more than three or four people would collectively consume in a day, and that quantity "would not be sold" the way it was packaged. The detective had never seen a user with "a large plastic bag with ten individual rocks individually wrapped up and twisted." An individual who wanted to buy that quantity would purchase a single, large rock because it would be cheaper and purer. The detective illustrated the condition of the plastic sheet when seized and used that exhibit to explain her testimony. The laboratory had cut the individual packets of heroin from the larger sheet of plastic while conducting its tests.

The trial court credited the expert's testimony that the quantity possessed was inconsistent with personal use. It also found that the way the heroin

> is pieced together and the specific way that is done indicates to the
> Court that it is in the process of being prepared for sale, packaged,
> because it isn't in the final form as you would see in [sic] on the

street with the baggies separated from the plastic as they would be for an individual sale.

Circumstances probative of an intent to distribute "include the quantity of the drugs seized, the manner in which they are packaged, and the presence of . . . equipment related to drug distribution . . . ." McCain, 261 Va. at 493, 545 S.E.2d at 547. See also Askew v. Commonwealth, 40 Va. App. 104, 109, 578 S.E.2d 58, 60-61 (2003). In this case, the condition of the drugs when discovered in the defendant's possession permitted a finding of intent to distribute. The individual packets were knotted off but still attached to the larger sheet of plastic. That was distinctive of the manner by which distributors prepare their product before distribution on the street. The drugs were seized while still in an intermediate stage of packaging that only occurs during preparation for later distribution.

The trial court had the advantage of assessing the weight and value of the expert's opinion while viewing the exhibit and the expert's demonstration of its unique characteristics. "The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998). Considering the quantity of the heroin and the manner of packaging when it was seized, the trial court was entitled to conclude that the only reasonable hypothesis flowing from the evidence was that the defendant intended to distribute it. See Eckhart v. Commonwealth, 222 Va. 447, 450-51, 281 S.E.2d 853, 855 (1981). Accordingly, we affirm.

Affirmed.

- 3 -