COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Felton and Haley
Argued at Chesapeake, Virginia


BRANDON MURRAY, S/K/A
 BRANDON J. MURRAY

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0236-05-1                       JUDGE ROBERT J. HUMPHREYS
                                                    FEBRUARY 7, 2006

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                         Charles E. Poston, Judge

        B. Thomas Reed for appellant.

        Susan L. Parrish, Assistant Attorney General (Judith Williams
        Jagdmann, Attorney General; Alice T. Armstrong, Assistant
        Attorney General, on brief), for appellee.


        Brandon Murray ("Murray"), following a bench trial, appeals his conviction of

possession of cocaine with intent to distribute, in violation of Code § 18.2-248.[1]  Murray

contends the evidence was insufficient to prove that he possessed cocaine with intent to

distribute.  For the following reasons, we disagree and, therefore, affirm.

        When the sufficiency of the evidence is challenged on appeal, the judgment of the trial

court will not be set aside unless it appears from the evidence that the judgment is "plainly

wrong or without evidence to support it."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987).  Also, "[g]reat deference must be given to the fact finder who, having

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

        [1] Murray was also convicted of possession of a firearm while possessing cocaine with
intent to distribute, in violation of Code § 18.2-308.4(C).  He does not challenge this conviction.

seen and heard the witnesses, assesses their credibility and weighs their testimony." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1988).

"In cases lacking direct evidence of drug distribution, intent to distribute must be shown by circumstantial evidence." Askew v. Commonwealth, 40 Va. App. 104, 108, 578 S.E.2d 58, 60 (2003) (internal citations omitted). "Circumstantial evidence, if sufficiently convincing, is as competent and entitled to the same weight as direct testimony." McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001) (citing Williams v. Commonwealth, 259 Va. 377, 387, 527 S.E.2d 131, 137 (2000)).

For proving possession with intent to distribute, circumstantial evidence can include "the quantity of the drugs discovered, the packaging of the drugs, and the presence or absence of drug paraphernalia." Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000); see also McCain, 261 Va. at 493, 545 S.E.2d at 547; Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (en banc) (finding that "the absence of paraphernalia suggestive of personal use . . . [is] regularly recognized as [a] factor[] indicating an intent to distribute"). Also, the possession of a firearm, which is "recognized as [a] tool[] of the drug trade," may be "probative of intent to distribute." Askew, 40 Va. App. at 108, 578 S.E.2d at 60 (citing Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998)). Moreover, "[e]xpert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use." Shackleford, 32 Va. App. at 327, 528 S.E.2d at 133; see also Rodriguez v. Commonwealth, 18 Va. App. 277, 443 S.E.2d 419 (1994) (en banc).

In accord with settled standards of appellate review, we view the evidence and all reasonable inferences that may be drawn from that evidence in the light most favorable to the Commonwealth, the party prevailing below. Yopp v. Hodges, 43 Va. App. 427, 430, 598 S.E.2d

760, 762 (2004). So viewed, the evidence showed that Murray was arrested after scuffling with police during a traffic stop and then attempting to flee on foot. A search incident to his arrest revealed that Murray: (1) had on his person twelve "baggies" of cocaine totaling less than one gram, (2) possessed a .357 Taurus revolver, (3) possessed currency in small denominations totaling one hundred and twelve dollars, and (4) did not possess a personal smoking device. We find that this circumstantial evidence, and the reasonable inferences that flow therefrom, is sufficient for a reasonable fact finder to conclude, beyond a reasonable doubt, that Murray possessed cocaine with the intent to distribute it. Therefore, we affirm Murray's conviction.

<u>Affirmed.</u>