COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judge Humphreys and Senior Judge Clements
Argued at Richmond, Virginia


CALVIN RENALDO TRIMMER, S/K/A
  CALVIN RENALDO TRIMMER, JR.
                                                    MEMORANDUM OPINION[*] BY
v.     Record No. 1521-09-2                      JUDGE JEAN HARRISON CLEMENTS
                                                            MAY 11, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

Catherine French, Supervising Assistant Public Defender, for
appellant.

Josephine F. Whalen, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


In a bench trial, Calvin Renaldo Trimmer (appellant) was convicted of possession of cocaine

with intent to distribute in violation of Code § 18.2-248.  On appeal, appellant contends the

evidence was insufficient to support his conviction.  Finding no error, we affirm appellant's

conviction.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680).

On October 9, 2008, Officer Donnell Patterson of the Richmond Police Department detained appellant. Patterson handcuffed appellant and told appellant he was calling for a drug detecting dog. While cuffed with his hands behind his back, appellant reached inside his boxer shorts and pulled a bag containing a white, rock-like substance from his buttocks area and dropped it on the ground. Officer Patterson retrieved the bag and submitted it for analysis. The substance was later determined to be crack cocaine; it weighed 3.322 grams.[1] Police arrested and searched appellant. Police found no smoking devices or other instruments that could be used to ingest crack cocaine during the search.

Detective Jason Norton testified for the Commonwealth at trial as an expert in the packaging, sale, use, and distribution of narcotics in the City of Richmond. Norton testified that the 3.322 grams of crack cocaine recovered from appellant was inconsistent with personal use. He explained that street-level dealers often buy an eight-ball of crack cocaine to redistribute it.[2]

---

[1] That weight is commonly referred to as an "eight-ball," because it is approximately one-eighth of an ounce.

[2] He explained that an eight-ball of crack cocaine can be purchased for $150-$180 and can be easily broken down into thirty-three single doses of about 0.1 gram, which can then be sold for $10 each, yielding approximately $330 for the dealer.

Norton also noted that while it would be common to find distribution paraphernalia such as scales or baggies in a drug dealer's house, garage, or even car, it would be highly unusual to find such paraphernalia in the possession of a dealer standing on the street. Finally, Norton testified that he has known drug dealers to carry drugs in their buttocks in order to avoid detection if searched, but he has never known a user to store drugs in that area of the body.

At the conclusion of the evidence, appellant was convicted of possessing drugs with the intent to distribute in violation of Code § 18.2-248. This appeal followed.

ANALYSIS

Appellant contends the evidence failed to prove he possessed crack cocaine with the intent to distribute it, arguing the small quantity of drugs he possessed did not exclude his reasonable hypothesis of innocence that he possessed the drugs for personal use. "In determining whether a defendant is guilty of possession with the intent to distribute, the trier of fact is entitled to weigh all the circumstances in a given case." Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 14 (1991) (en banc). "In cases lacking direct evidence of drug distribution, intent to distribute 'must be shown by circumstantial evidence.'" Askew v. Commonwealth, 40 Va. App. 104, 108, 578 S.E.2d 58, 60 (2003) (quoting Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988)). "Among the circumstances that tend to prove an intent to distribute are 'the quantity of the drugs seized, the manner in which they are packaged, and the presence of . . . equipment related to drug distribution.'" Id. (quoting McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001)) (alteration in original). "Furthermore, 'the absence of paraphernalia suggestive of personal use . . . [is] regularly recognized as [a] factor[] indicating an intent to distribute.'" Scott v. Commonwealth, 55 Va. App. 166, 173, 684 S.E.2d 833, 837 (2009) (quoting Askew, 40 Va. App. at 108, 578 S.E.2d at 60) (alterations in original).

> To justify conviction of a crime, it is insufficient to create a
> suspicion or probability of guilt. Rather, the burden is upon the

> Commonwealth to prove every essential element of the offense beyond a reasonable doubt. "The evidence must exclude every reasonable hypothesis of innocence and be consistent only with the guilt of the accused."

Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997) (quoting Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970)) (citations omitted).

In the absence of direct evidence of distribution, the Commonwealth offered circumstantial evidence to prove appellant possessed the drugs with the intent to distribute them. The evidence established that when appellant was detained by police officers on October 9, 2009, he possessed 3.322 grams of crack cocaine, hidden in his boxer shorts which he attempted to dispose of before its discovery on his person, and no paraphernalia suggestive of personal use. Detective Norton, the Commonwealth's expert witness, testified that in five years of working with narcotics crimes, he had never encountered a heavy user, even one with sufficient money to do so, who purchased 3.322 grams of crack cocaine at one time with the intention of using it. He further explained that heavy users in the Richmond area typically purchase crack cocaine in small quantities and will keep coming back for more crack cocaine as they run out. He also noted that a very heavy user, whose addiction had reached the level where he had the ability to smoke more than half a gram of crack cocaine in a single day, would likely be unable to afford more than four or five 0.1 gram hits a day.

In addition to his testimony regarding the quantity of drugs possessed, Norton also testified that he had known drug dealers who carried drugs in their buttocks to avoid detection during a pat-down search, but he had never encountered a drug user who transported drugs intended for personal use in his buttocks before consumption.

Thus, viewing the evidence in the light most favorable to the Commonwealth, as we must, the certificate of analysis verifying the quantity of the drugs, and Officer Patterson's testimony regarding the location of the drugs and lack of smoking or ingestion paraphernalia

combined with Detective Norton's expert testimony regarding the typical operating procedures of drug dealers as opposed to drug users in Richmond, we cannot conclude the trial court erred in rejecting appellant's hypothesis of innocence and convicting him of possession of crack cocaine with intent to distribute it.

## CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed.</u>