COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Powell and Senior Judge Annunziata
Argued at Alexandria, Virginia


TERRY McKINLEY WASHINGTON

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 2187-09-3           JUDGE ROSEMARIE ANNUNZIATA
                                                         JULY 27, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Malfourd W. Trumbo, Judge

Charles R. Allen, Jr., for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


        Terry McKinley Washington appeals from his bench trial conviction for felony failure to

appear in violation of Code § 19.2-128(B).  On appeal, he contends the evidence was insufficient

to prove that his failure to appear was willful.  For the reasons that follow, we disagree and affirm.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

        So viewed, the evidence proved that Washington failed to appear for a June 8, 2009

preliminary hearing on felony charges against him and appeared, instead, the day after the

scheduled hearing.  He claimed he made a mistake about the date, but acknowledged that he had

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

spoken with his attorney before the hearing, that he understood it was his "obligation to be in court on the day [scheduled for the hearing]," and that he had "made sure that [he] knew when to come to court for this case." Noting that "the *prima facie* evidence is that [Washington] did not appear," the trial court denied Washington's motion to strike and convicted him of felony failure to appear.

## ANAYLSIS

Code § 19.2-128(B) provides that "[a]ny person . . . charged with a felony offense who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." "'Willfully,' as used in Code § 19.2-128(B), has the customary meaning that the act must have been done 'purposely, intentionally, or designedly.'" Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993) (en banc). "When a criminal offense consists of an act and a particular *mens rea*, both the act and the *mens rea* are independent and necessary elements of the crime that the Commonwealth must prove beyond a reasonable doubt." Id. Intent may, and usually must, be proved by circumstantial evidence, such as a person's conduct and statements, and the fact finder may presume an offender intends the natural and probable consequences of his acts. Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (*en banc*).

"When the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful." Hunter, 15 Va. App. at 721, 427 S.E.2d at 200.

Although appellant argues he made a mistake about his court date, he concedes he did not appear for the scheduled hearing. Thus, the fact finder was entitled to infer that appellant's failure to appear was willful and was not required to credit the explanation appellant offered in rebuttal to the Commonwealth's *prima facie* case. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see

and hear that evidence as it is presented." <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  The trier of fact is not required to accept a witness' testimony, but is free to "rely on it in whole, in part, or reject it completely." <u>Rollston v. Commonwealth</u>, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

The Commonwealth presented competent, credible, and sufficient evidence to prove beyond a reasonable doubt that appellant was guilty of felony failure to appear.  Therefore, the trial court's judgment was neither plainly wrong nor without evidence to support it.  <u>See</u> <u>Askew v. Commonwealth</u>, 40 Va. App. 104, 107, 578 S.E.2d 58, 60 (2003).  Accordingly, the decision of the trial court is affirmed.

<u>Affirmed.</u>