COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Petty and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


STEPHANIE WALLACE

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1977-13-1                     JUDGE WILLIAM G. PETTY
                                                            JULY 29, 2014

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                         James A. Cales, Jr., Judge

          W. McMillan Powers, Assistant Public Defender, for appellant.

          Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
          Attorney General, on brief), for appellee.


        Stephanie Wallace was convicted of possession of more than one-half ounce of marijuana

with intent to distribute pursuant to Code § 18.2-248.1.[1]  On appeal, Wallace argues that the trial

court erred in denying her motion to strike because the evidence was insufficient to convict her

of possession with intent to distribute marijuana because the Commonwealth failed to prove that

she intended to distribute the marijuana.  For the reasons stated below, we affirm the trial court.

                                              I.

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The indictment alleges a violation of Code § 18.2-248.1, and the order of conviction
shows that to be the offense for which Wallace was convicted.  However, the final sentencing
order erroneously refers to Code § 18.2-248 as the conviction offense.  Therefore, we remand
this matter to the trial court for entry of a corrected final order.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

So viewed, the evidence at trial established that on April 24, 2013, police received a tip that a strong marijuana odor was coming from a nearby car, which was occupied by a woman and a young child. Sergeant G.B. Smith testified that moments later he and three other officers went to investigate the tip. In the car, the officers found Wallace sitting in the front passenger seat with a three-month-old child in her lap. In plain view on the center console, the officers spotted a large, clear plastic bag, with several other bags inside of it, all containing a leafy material. As the officers made contact with Wallace, she threw a marijuana cigarette out of the car and reached over with her left hand, while holding the baby, to grab the bag. In that instant, Sergeant Smith opened the driver's side door, grabbed Wallace's hand, and told her to let go of the bag. Wallace was then arrested and charged with, among other things, possession of marijuana with intent to distribute, pursuant to Code § 18.2-248.1. Later inspection and testing revealed that the large bag contained twenty-nine smaller bags with a total of nineteen and a half grams[2] of marijuana distributed among them. Wallace admitted to smoking marijuana but denied selling it or even knowing the bags of marijuana were in the car.

At trial, the Commonwealth presented testimony from an expert in the packaging and distribution of marijuana in the City of Portsmouth, Detective Holley. Detective Holley testified, without objection, that, in his opinion, the marijuana found in Wallace's possession was inconsistent with personal use. He noted that the individual packaging of the marijuana lent towards distribution: "[Y]ou would never have to buy marijuana like this if you were using [it].

---

[2] Nineteen and a half grams equals 0.6878 ounce.

The only time I've ever seen this many bags at one time wrapped up like this would be with someone that is not using it entirely for themselves." When asked whether the fact that Wallace was smoking marijuana would change his opinion, Detective Holley responded, "That would only make my opinion stronger that a user of marijuana is not going to buy marijuana [packaged] like this unless there is absolutely no other way to buy it like that . . . it's very, very remote in the City of Portsmouth that you would have to buy marijuana like this."

II.

Although Wallace presented two assignments of error on appeal, both can be condensed into one: that the trial court erred in finding the evidence sufficient to support a finding that Wallace intended to distribute marijuana under Code § 18.2-248.1. We disagree.

As an initial matter, we must consider Wallace's argument that Detective Holley's expert opinion was insufficient to support the conviction because he failed to properly take into account the lack of other evidence of distribution. It is true that "expert testimony is inadmissible if the expert fails to consider all the variables that bear upon the inferences to be deduced from the facts observed." Countryside Corp. v. Taylor, 263 Va. 549, 553, 561 S.E.2d 680, 682 (2002). Furthermore, an expert's opinion is speculative and inadmissible when it is founded upon assumptions that have no basis in fact. Vasquez v. Mabini, 269 Va. 155, 160, 606 S.E.2d 809, 811 (2005). However, "an objection based on the fact that [an] . . . expert's opinion . . . lacks an adequate factual foundation, or fails to consider all the relevant variables challenges the admissibility of evidence rather than the sufficiency of evidence." Bitar v. Rahman, 272 Va. 130, 139, 630 S.E.2d 318, 324 (2006). Once the opinion is properly before the trial court, "[a] challenge to an 'expert's . . . methods and determinations . . . does not render inadmissible expert opinion based on those . . . methods and computations' but goes to the 'weight of the evidence,' raising 'factual questions to be determined by the jury.'" Hetmeyer v. Commonwealth, 19

Va. App. 103, 108-09, 448 S.E.2d 894, 898 (1994) (quoting Hubbard v. Commonwealth, 12 Va. App. 250, 255, 403 S.E.2d 708, 710 (1991), aff'd, 243 Va. 1, 413 S.E.2d 875 (1992)). Here, there was no objection to the admissibility of Detective Holley's opinion. Thus, the trial court was free to give it such weight as it thought appropriate.

With respect to Wallace's challenge to the sufficiency of the evidence, we must "'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)). We review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "Furthermore, we 'accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'" Brooks v. Commonwealth, 282 Va. 90, 95, 712 S.E.2d 464, 466 (2011) (quoting Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 923 (2008)).

Code § 18.2-248.1 provides that "it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute marijuana." As the Supreme Court explained in McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001), "[s]everal factors may constitute probative evidence of intent to distribute a controlled substance. These factors include the quantity of the drugs seized, the manner in which they are packaged, and the presence of an unusual amount of cash, equipment related to drug distribution, or firearms." Furthermore, "'[b]ecause direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence.'" Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (en banc) (quoting Servis v. Commonwealth, 6

Va. App. 507, 524, 371 S.E.2d 156, 165 (1988)). "Circumstantial evidence, if sufficiently convincing, is as competent and entitled to the same weight as direct testimony." McCain, 261 Va. at 493, 545 S.E.2d at 547. "Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use." Askew v. Commonwealth, 40 Va. App. 104, 109, 578 S.E.2d 58, 61 (2003). Most importantly, "[b]ecause the facts and circumstances in each drug-related case vary, no uniform standard exists to differentiate an amount that is always for personal use or for distribution. . . . Thus, proof of whether one possesses drugs for personal use or for distribution depends on the facts of each case." Id. at 110, 578 S.E.2d at 61.

Here, based on the expert testimony and circumstantial evidence presented at trial, the trier of fact could reasonably conclude that Wallace possessed the marijuana with the intent to distribute it. Officers testified that Wallace was found in possession of marijuana, packaged in numerous small bags. Defense counsel cross-examined Detective Holley regarding the fact that Wallace was not carrying an unusual amount of cash, equipment related to drug distribution, or firearms. Detective Holley was adamant that the nature of Wallace's possession of marijuana was nonetheless inconsistent with personal use. He noted that lack of money was not a true indicator to him because a person "selling drugs on the street doesn't necessarily have the money" and would not have scales or special equipment on her person. What was most persuasive to Detective Holley that this was not a personal use situation was the large amount of individually packaged bags: "The only time that I've ever seen this many bags at one time wrapped up like this would be with someone that is not using it entirely for themselves." Thus, while Detective Holley conceded that the total amount of marijuana was not necessarily inconsistent with an amount that a user of marijuana might possess, he opined that the method of packaging made that hypothesis "not probable."

Finally, despite the fact that the bags of marijuana were in plain view and that Wallace attempted to grab them when confronted by the police, she denied knowing the marijuana was in the car. Clearly, this was a lie. "A defendant's false statements are probative to show [s]he is trying to conceal [her] guilt, and thus is evidence of [her] guilt." Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991). The trial court was entitled to take this into account when considering Wallace's denial that she intended to sell the marijuana.

Therefore, we conclude that the evidence was sufficient to support Wallace's conviction for possession of more than one-half ounce of marijuana with intent to distribute and that conviction was not plainly wrong or without evidence to support it.

III.

For the foregoing reasons, we affirm the decision of the trial court and remand the matter to the trial court for correction of the final order.

Affirmed and remanded with instructions.