UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Alston and Senior Judge Haley
Argued at Richmond, Virginia

GERALD DEANDRE LEWIS

MEMORANDUM OPINION[*] BY
v.      Record No. 0912-15-2      JUDGE JAMES W. HALEY, JR.
OCTOBER 4, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Edward A. Robbins, Jr., Judge

Todd M. Ritter (Travis R. Williams; Daniels, Williams, Tuck &
Ritter, on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General; Kathleen B. Martin, Senior Assistant
Attorney General, on brief), for appellee.

Gerald Deandre Lewis ("appellant") was convicted following a bench trial of possession of

marijuana with the intent to distribute. Appellant maintains that the evidence was insufficient to

establish he intended to distribute the marijuana he possessed. We disagree and affirm.

FACTS

"When examining a challenge to the sufficiency of the evidence, an appellate court must

review the evidence in the light most favorable to the prevailing party at trial and consider any

reasonable inferences from the facts proved." Viney v. Commonwealth, 269 Va. 296, 299, 609

S.E.2d 26, 28 (2005).

The evidence, viewed in the light most favorable to the Commonwealth, proved that

during the early morning hours on January 20, 2014, Officer Eric Allen stopped a car for

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

speeding. Damon Barr was the owner and driver of the vehicle, and appellant sat in the front passenger seat. As Allen approached the car, he detected "a very strong odor of raw marijuana." Allen noted both men appeared extremely nervous during the encounter. As Allen waited for backup officers to arrive, Barr suddenly started the car and drove away. Allen pursued the car and, after a high-speed chase, Barr crashed into a parked car. The police took Barr and appellant into custody.

During the brief chase, Allen observed a large plastic bag fly out of the passenger side window. The police later retrieved a vacuum sealed bag which contained almost three ounces of marijuana packed in three smaller bags which each held about an ounce of marijuana, valued at up to $350 per ounce. Both men denied having thrown the marijuana from the car and denied any knowledge of the drugs. Appellant carried over $2000 in cash on his person.

Allen, testifying as an expert in the field of narcotics distribution, stated the quantity of the marijuana and the manner in which it was packaged was inconsistent with personal use. He explained that such large amounts of marijuana were often transported into the state in order to be sold in smaller amounts, especially on college campuses. Appellant acknowledged that he was traveling from Washington, D.C., to his college near Petersburg, Virginia. Allen found no smoking devices or other indications of personal use.

Barr testified at appellant's trial that the marijuana was his and that appellant did not know it was in the car. Barr also claimed he "suffered a concussion" the night of the incident and could not remember all that occurred. He testified he did not know who threw the marijuana from the car during the chase. The trial court specifically rejected Barr's testimony "in its entirety," noting that, by his own admission, his testimony was flawed due to his inability to remember the events because of his injury.

Appellant testified that he was unaware the marijuana was in the car and that he could not smell it inside the vehicle. He also claimed his mother had given him the large sum of money in order for him to pay $1400 for his rent for the semester. The trial court found appellant's claims implausible and noted appellant carried significantly more money than needed for his rent.

ANALYSIS

"When reviewing the sufficiency of the evidence to support the verdict in a bench trial, 'the trial court's judgment is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.'" Burrell v. Commonwealth, 58 Va. App. 417, 433, 710 S.E.2d 509, 517 (2011) (quoting Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999)). An "appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Britt v. Commonwealth, 276 Va. 569, 573-74, 667 S.E.2d 763, 765 (2008) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (emphasis in original) (quoting Jackson, 443 U.S. at 319). "This familiar standard gives full play to the responsibility of the trier of fact . . . to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Brown v. Commonwealth, 56 Va. App. 178, 185, 692 S.E.2d 271, 274 (2010) (quoting Jackson, 443 U.S. at 319).

Code § 18.2-248.1 provides that "it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute marijuana."

Appellant argues the evidence failed to establish he intended to distribute the marijuana he possessed.[1]

"Because direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence." Ervin v. Commonwealth, 57 Va. App. 495, 521, 704 S.E.2d 135, 148 (2011) (*en banc*) (alterations in original) (quoting Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (*en banc*)). "Circumstantial evidence, if sufficiently convincing, is as competent and entitled to the same weight as direct testimony." McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001).

"Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use." Askew v. Commonwealth, 40 Va. App. 104, 109, 578 S.E.2d 58, 61 (2003). Furthermore, "[b]ecause the facts and circumstances in each drug-related case vary, no uniform standard exists to differentiate an amount that is always for personal use or for distribution . . . . Thus, proof of whether one possesses drugs for personal use or for distribution depends on the facts of each case." Id. at 110, 578 S.E.2d at 61.

> Factors that a trial court may consider as indicators that a defendant intended to distribute the illegal drugs in his possession include the "possession of a quantity [of drugs] greater than that ordinarily possessed for one's personal use," Iglesias v. Commonwealth, 7 Va. App. 93, 110, 372 S.E.2d 170, 180 (1988) (*en banc*), "the method of packaging of the controlled substance,"

---

[1] To the extent appellant argues on appeal that the trial court improperly decided the case on "an all or nothing basis," we note he failed to present this argument to the trial court. Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." Creamer v. Commonwealth, 64 Va. App. 185, 195, 767 S.E.2d 226, 231 (2015). Accordingly, Rule 5A:18 bars our consideration of this portion of appellant's argument. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

and "the absence of any paraphernalia suggestive of personal use," Welshman, 28 Va. App. at 37, 502 S.E.2d at 130.

Ervin, 57 Va. App. at 521-22, 704 S.E.2d at 148.

In this case, Allen's testimony established the large amount of marijuana appellant and Barr possessed and the manner in which it was packaged was inconsistent with personal use. Allen observed the marijuana fly from the passenger side of the vehicle where appellant was sitting, suggesting appellant was aware of the presence and character of the drugs. The officer did not locate any ingestion devices inside the vehicle, and appellant never indicated he consumed marijuana. Appellant carried over $2000 in cash in his pocket, comprised mostly of $20 bills. "Possession of a large sum of money, especially in small denominations, and the absence of any paraphernalia suggestive of personal use, also are regularly recognized as factors indicating an intent to distribute." Welshman, 28 Va. App. at 37, 502 S.E.2d at 130. Although appellant claimed the large sum of money had been provided to him by his mother in order to pay his rent, appellant's mother did not confirm the claim and the trial court observed appellant carried significantly more money than the amount he stated he needed for his rent. The trial court discounted Barr's testimony and concluded appellant's explanations were not credible. "[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact." Parham v. Commonwealth, 64 Va. App. 560, 565, 770 S.E.2d 204, 207 (2015).

The trial court permissibly concluded from the totality of the circumstances presented by the evidence that appellant intended to distribute the marijuana he possessed.

CONCLUSION

For the foregoing reasons, we conclude the trial court's finding that the evidence was sufficient to prove that appellant possessed marijuana with the intent to distribute was not plainly wrong or without evidence to support it.  Therefore, we affirm his conviction.

<u>Affirmed.</u>