# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1665

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Majed S. Nassar, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 14, 2008
Filed:  November 7, 2008

_____

Before COLLOTON, BOWMAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Majed S. Nassar conditionally pled guilty to possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  Nassar appeals the district court's[1] denial of his motion to suppress evidence seized from his car.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

I.

Nassar was stopped by a Missouri State Highway Patrol sergeant for failing to signal as he exited Interstate 44. The sergeant asked Nassar to come back to the patrol car where he ran Nassar's driver's license, looked at his paperwork, began to issue a warning, and asked about his destination and vehicle. After running the records check, the sergeant asked for Nassar's consent to search his vehicle. Nassar responded, "Sure." The sergeant asked Nassar to open the trunk, revealing two large trash bags of marijuana. The district court found: "The time that elapsed between the stop and the request for consent to search was approximately five minutes, and occurred while the officer was still processing the warning."

II.

This court reviews the district court's conclusions of law de novo and its factual findings for clear error. *United States v. Tirado*, 313 F.3d 437, 439 (8th Cir. 2002).

A police officer who observes a traffic violation has probable cause to stop the vehicle and its driver. *United States v. Olivera-Mendez*, 484 F.3d 505, 509 (8th Cir. 2007). Incident to the stop, an officer is entitled only to conduct an investigation reasonably related in scope to the circumstances that justified the initial stop. *United States v. Cummins*, 920 F.2d 498, 502 (8th Cir. 1990), *citing Terry v. Ohio*, 392 U.S. 1, 20 (1968). The officer "may lawfully check the driver's license and registration, ask the driver about his destination and purpose, and request that the driver sit inside the patrol car." *United States v. Brown*, 345 F.3d 574, 578 (8th Cir. 2003). The officer "may detain the driver as long as reasonably necessary to conduct these activities and to issue a warning or citation." *United States v. Jones*, 269 F.3d 919, 925 (8th Cir. 2001). However, reasonable, articulable suspicion is necessary to expand the scope of the initial investigation. *United States v. Payne*, 534 F.3d 948, 951 (8th Cir. 2008).

Nassar asserts the marijuana should be suppressed because his consent to search came during a prolonged detention, not supported by reasonable suspicion. This assertion is unfounded. The sergeant's questions about Nassar's destination and vehicle were routine, within the scope of a valid traffic stop. While Nassar emphasizes that the time that elapsed before the sergeant asked for consent to search was "no less than five minutes," he does not attack as clearly erroneous the district court's finding that the sergeant was still processing the warning. Since the sergeant was still processing the warning when he received Nassar's consent to search, the detention to that point was supported by the facts that justified its initiation. *See United States v. Long*, 532 F.3d 791, 756-96 (8th Cir. 2008); *United States v. Brigham*, 382 F.3d 500, 509 (5th Cir. 2004), *vacating and reversing* 343 F.3d 490 (5th Cir. 2003).

III.

The judgment of the district court is affirmed.

_____