COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Elder, Frank, Humphreys, Kelsey, McClanahan, Haley, Petty,
            Beales, Powell and Alston
Argued at Richmond, Virginia


WILLIAM LEE SCOTT
                                                           OPINION BY
v.      Record No. 1482-08-2                          JUDGE CLEO E. POWELL
                                                         NOVEMBER 17, 2009
COMMONWEALTH OF VIRGINIA


                        UPON A REHEARING EN BANC

            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Clarence N. Jenkins, Judge

            Cassandra M. Hausrath, Assistant Public Defender (Office of the
            Public Defender, on brief), for appellant.

            Erin M. Kulpa, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


        This matter comes before the Court on a rehearing en banc from an unpublished panel

decision of June 2, 2009.  William Lee Scott ("Scott") was convicted in a bench trial of

possession of cocaine with intent to distribute in violation of Code § 18.2-248.  On appeal, Scott

challenges the sufficiency of the evidence to convict him for possession of cocaine with intent to

distribute.  A divided panel of this Court reversed the decision of the trial court as to the

possession with intent to distribute cocaine and remanded the case for a new trial on a charge of

simple possession.  At the request of the Commonwealth, we granted a petition for rehearing en

banc.  Upon rehearing en banc, we find that the evidence was sufficient to convict Scott for

possession of cocaine with intent to distribute and affirm the decision of the trial court.

## I. BACKGROUND

On the evening of September 13, 2007, Officers Michael Kielb and Shane Watson were on patrol in an apartment complex where drug activity had been reported. After observing a white Cadillac fail to properly obey a stop sign, the officers initiated a traffic stop.

Officer Watson approached the car and spoke with the driver, while Officer Kielb scanned the interior of the vehicle to check for contraband or weapons. Officer Kielb recognized Scott, who was sitting in the front passenger seat, as having prior arrests for drugs and weapons violations.

Officer Kielb noticed a hand-rolled cigar that he immediately recognized as contraband between the passenger door and the passenger seat. Based on his past experience with narcotics, Officer Kielb knew that marijuana users "will take an already made cigar, unravel it, dump out the tobacco content and refill it with marijuana and twist the ends, making themselves a hand-rolled cigar of marijuana." Officer Kielb then motioned to Officer Watson to remove the occupants from the vehicle in order to retrieve the contraband.

When Officer Kielb began to handcuff Scott, Scott attempted to flee the scene. Both officers noticed a black object fall from Scott's waistband as he attempted to flee. Officer Kielb tackled him ten feet away from the vehicle and placed him in custody. After the struggle, the officers found that the object that had fallen from Scott's waistband was a loaded 9-millimeter handgun.

The officers recovered the hand-rolled cigar of marijuana Officer Kielb had seen in plain view inside the vehicle and confirmed that it did contain marijuana. Officer Watson then conducted a search of Scott's clothing by shaking his pants. Three baggies fell to the ground: one containing marijuana, another containing a single "rock" of cocaine, and a third containing cocaine powder. The total weight of the cocaine was 0.733 gram: 0.443 gram of rock cocaine

and 0.290 gram of cocaine powder.[1]  The officers did not find a smoking device or distribution paraphernalia such as scales, baggy corners, or razor blades on appellant.

After his arrest, Scott admitted that the hand-rolled cigar of marijuana seized from the car was his and that he smoked marijuana approximately once a week.  He did not make any statements regarding the cocaine.

At trial, Officer Watson testified as an expert in narcotics distribution.  According to Officer Watson, a heavy drug user typically consumed two to three grams of cocaine per day. He testified that, based on the totality of the circumstances, Scott's possession of the drugs was inconsistent with personal use.

At the conclusion of the Commonwealth's evidence, Scott moved to strike the evidence as insufficient to convict him of possession of cocaine with intent to distribute.  The trial court denied appellant's motion to strike.  The trial court subsequently found Scott guilty of possession of cocaine with intent to distribute, possession of a firearm while in possession of cocaine, and carrying a concealed weapon, third or subsequent offense.

Scott appealed his convictions, arguing that the evidence against him should have been suppressed, or, in the alternative, that the evidence was insufficient to convict him of possession of cocaine with intent to distribute.  An unpublished panel decision affirmed the trial court's decision regarding the suppression of the evidence, and reversed and remanded Scott's conviction for possession of cocaine with intent to distribute.  See Scott v. Commonwealth, No. 1482-08-2, 2009 Va. App. LEXIS 251 (Va. Ct. App. June 2, 2009).

---

[1] We further note that the certificate of analysis indicates that, in addition to the marijuana and cocaine, Scott was also in possession of one tablet of 3,4-Methylenedioxyamphetamine (MDA), a Schedule I drug.

## II.  ANALYSIS

### A.  EN BANC REVIEW

In the present case, we granted the Commonwealth's petition for a rehearing en banc on the sole issue of whether the evidence was sufficient to convict Scott for possession of cocaine with intent to distribute.  Scott did not petition this Court for rehearing en banc on the issue of whether Officer Kielb had reasonable suspicion to justify his seizure; therefore, we will not address that issue here.  See Ferguson v. Commonwealth, 51 Va. App. 427, 433, 658 S.E.2d 692, 695 (2008) (holding that this Court will not address en banc those issues contained in the panel decision which were not included in the petition for rehearing en banc).  Accordingly, our en banc review is limited to the question of whether the evidence was sufficient to find Scott guilty of possession of cocaine with intent to distribute; "the decision of the trial court on [Scott]'s unchallenged convictions remains undisturbed and we reinstate the panel opinion on the issue[] not before us."  Id.

### B.  SUFFICIENCY OF THE EVIDENCE

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense."  Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).  "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom."  Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).  "When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it."  Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586

(2008) (citations omitted). "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

"In determining whether a defendant is guilty of possession with the intent to distribute, the trier of fact is entitled to weigh all the circumstances in a given case." Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 14 (1991). "Because direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "However, the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

"The quantum of evidence necessary to prove an intent to distribute depends on the facts and circumstances of each case." Askew v. Commonwealth, 40 Va. App. 104, 110, 578 S.E.2d 58, 61 (2003).

> Among the circumstances that tend to prove an intent to distribute are "the quantity of the drugs seized, the manner in which they are packaged, and the presence of . . . equipment related to drug distribution." McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001) (citations omitted). Pagers and firearms are among the equipment that has been recognized as tools of the drug trade, the possession of which are probative of intent to distribute. Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999). Furthermore, "the absence of paraphernalia suggestive of personal use . . . [is] regularly recognized as [a] factor[] indicating an intent to distribute." Welshman v. Commonwealth, 28

Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (en banc) (citation omitted).

Id. at 108-09, 578 S.E.2d at 60-61.

"While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991) (quoting Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979)).

Here, the only evidence indicating that the drugs were for personal use was the small quantity of drugs found in Scott's possession. However, "[t]he quantity of narcotics possessed is only one factor to be considered." Stanley, 12 Va. App. at 869, 407 S.E.2d at 14. "Thus, a conviction for possession with the intent to distribute may be upheld even though the quantity of drugs seized is consistent with personal use." Id. at 869, 407 S.E.2d at 14-15.

There is ample evidence indicating that Scott's possession of the drugs was inconsistent with personal use. Officer Watson, an expert in narcotics distribution, testified that, in light of the "totality of the circumstances," because Scott was carrying a firearm, his possession of drugs was inconsistent with personal use. Possession of a firearm, a recognized tool of the drug trade, is regularly recognized as a factor indicating an intent to distribute. See Dixon v. Commonwealth, 11 Va. App. 554, 557, 30 S.E.2d 831, 833 (1991). Furthermore, Officer Watson testified that Scott's possession was inconsistent with personal use because he possessed no paraphernalia consistent with personal use of cocaine. We have consistently held that the absence of paraphernalia consistent with use is another factor indicating that the drugs were possessed with the intent to distribute. See Welshman, 28 Va. App. at 37, 502 S.E.2d at 130.

Also of significance is the fact that Scott possessed multiple drugs. We have recognized that the unique, simultaneous possession of a combination of disparate drugs can be indicative of the possessor's intent to distribute. Williams v. Commonwealth, 52 Va. App. 194, 662 S.E.2d

627 (2008); Harper v. Commonwealth, 49 Va. App. 517, 642 S.E.2d 779 (2007). Moreover, the drugs were packaged individually in baggie corners, making them easier and more profitable to sell. See Langston v. Commonwealth, 28 Va. App. 276, 504 S.E.2d 380 (1998).

Finally, it is relevant that Scott compounded the incriminating nature of the circumstances by readily admitting that he smoked marijuana approximately once a week, but made no such admission regarding the cocaine which he possessed. Scott's assertion that he uses one type of drug, contrasted with his silence regarding the use of the other type "undermines [Scott]'s argument that personal use is the only reasonable hypothesis of possession." Harper, 49 Va. App. at 522, 642 S.E.2d at 782; see also Shackleford v. Commwealth, 32 Va. App. 307, 528 S.E.2d 123 (2000) (relying on the fact that the defendant "never claimed that he used drugs" as a factor to be considered in determining whether the defendant had the requisite intent to distribute).

### III. CONCLUSION

We hold that the evidence, when considered as a whole, is sufficient to support the trial court's findings that Scott possessed cocaine with the intent to distribute. Accordingly, we will affirm the judgment of the trial court.

Affirmed.

Elder, J., dissenting.

I dissent for the reasons set forth in the June 2, 2009 majority memorandum opinion of the panel.  See Scott v. Commonwealth, No. 1482-08-2, 2009 Va. App. LEXIS 251 (Va. Ct. App. June 2, 2009).