COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Powell
Argued at Chesapeake, Virginia


CODIE DOMINIQUE GRAVES

MEMORANDUM OPINION[*] BY
v.        Record No. 1754-09-1                    JUDGE D. ARTHUR KELSEY
JULY 13, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Norman A. Thomas, Judge

B. Thomas Reed for appellant.

Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


The trial court found Codie Dominique Graves guilty of possessing cocaine with an

intent to distribute, second offense, Code § 18.2-248(C), assault and battery on a police officer,

Code § 18.2-57(C), and escape from custody, Code § 18.2-478.  On appeal, Graves argues the

trial court erred by denying his pretrial motion to suppress and finding the evidence sufficient to

prove he intended to distribute cocaine.  We disagree and affirm.

We first address Graves's suppression argument.  In this case, an officer made a lawful

traffic stop of a vehicle driven by Graves.  During the stop, the officer asked Graves if he had

anything illegal in the vehicle.  When Graves said no, the officer asked him if he would consent

to a search of his person and his vehicle.  Graves responded:  "That's fine" or "go ahead."

Graves stepped out of the vehicle.  During the search, four plastic bags containing crack cocaine

fell from Graves's pants.  After the officer placed him in handcuffs, Graves struck the officer in

the face and ran away.  Graves was quickly apprehended and arrested.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, Graves does not challenge the legality of the initial traffic stop. Instead, Graves contends the officer unlawfully "ordered" him to exit the vehicle and asked for consent to search without a reasonable suspicion of criminality. Appellant's Br. at 8.[1] For several reasons, we disagree.

To begin with, the evidence suggests that Graves stepped out of the vehicle on his own accord *after* agreeing to the search — not that the officer first ordered Graves to exit the vehicle and then asked for consent to search. But it does not matter either way. Even if the officer had required Graves to step out of the vehicle prior to the search, such compulsion does not offend the Fourth Amendment. See Arizona v. Johnson, 129 S. Ct. 781, 786 (2009) ("once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle" (quoting Pennsylvania v. Mimms, 434 U.S. 106, 111 n.6 (1977)).

In addition, the officer needed no reasonable suspicion of criminality to search either Graves or his vehicle. Under the Fourth Amendment, "a search authorized by consent is wholly valid." Kyer v. Commonwealth, 45 Va. App. 473, 483, 612 S.E.2d 213, 218 (2005) (*en banc*) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973)). Graves consented to the search during the traffic stop, see, e.g., Jones v. Commonwealth, 279 Va. 665, 674, 691 S.E.2d 801, 806 (2010),[2] not after it had been completed, see, e.g., Harris v. Commonwealth, 266 Va. 28, 33, 581 S.E.2d 206, 210 (2003); cf. Ohio v. Robinette, 519 U.S. 33, 35-36 (1996).

---

[1] Graves's brief on appeal suggests his suppression argument also seeks to exclude any evidence of his assault on the police officer and his escape from the officer's custody. See Appellant's Br. at 5. Yet even in cases where, unlike here, the exclusionary rule applies, it never requires suppression of evidence of criminal conduct occurring during an allegedly unlawful seizure and search. See Testa v. Commonwealth, 55 Va. App. 275, 283, 685 S.E.2d 213, 216-17 (2009); Brown v. City of Danville, 44 Va. App. 586, 600, 606 S.E.2d 523, 530 (2004); accord United States v. Sprinkle, 106 F.3d 613, 619 (4th Cir. 1997).

[2] See, e.g., United States v. Nassar, 546 F.3d 569, 570 (8th Cir. 2008) (finding "consent to search" was given while the "sergeant was still processing the warning"); United States v. Herbin, 343 F.3d 807, 810-11 (6th Cir. 2003) (holding "the seizure was the product of a lawful

Underlying Graves's argument appears to be the common, but erroneous, assumption that officers cannot ask questions unrelated to the traffic stop — including asking for consent to search. As the United States Supreme Court has recently explained, during a lawful roadside stop, the

> temporary seizure of driver and passengers ordinarily continues, and remains reasonable, for the duration of the stop. Normally, the stop ends when the police have no further need to control the scene, and inform the driver and passengers they are free to leave. An officer's inquiries into matters unrelated to the justification for the traffic stop, this Court has made plain, do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop.

Johnson, 129 S. Ct. at 788; see also Ellis v. Commonwealth, 52 Va. App. 220, 227, 662 S.E.2d 640, 643 (2008) (holding "where a seizure of a person is based on probable cause to believe that a traffic violation was committed, an officer does not violate the Fourth Amendment by asking a few questions about matters unrelated to the traffic violation, even if this conversation briefly extends the length of the detention" (citation omitted)).

We also reject Graves's argument that the evidence was insufficient to prove an intent to distribute cocaine. An officer trained in narcotics interdiction testified the four individually packaged rocks of crack cocaine Graves possessed were of a size and configuration not typically found on users. Users who possess the same quantity of crack cocaine, the officer explained, usually buy a single "eightball" because it gives them more drugs for less money. In addition, the officer pointed out that Graves did not have any user paraphernalia on him suggesting personal use. See Scott v. Commonwealth, 55 Va. App. 166, 173, 684 S.E.2d 833, 837 (2009)

---

traffic stop" during which the driver gave "voluntary consent to a search"); United States v. Purcell, 236 F.3d 1274, 1279-81 (11th Cir. 2001) (holding an officer "may request consent to search the vehicle" during "a routine traffic stop" and questioning "on a subject unrelated to the purpose of the stop" is permissible).

(*en banc*) (noting the absence of user paraphernalia is "regularly recognized" as a factor indicating an intent to distribute).

Equally important, Graves took the stand and testified he had never used crack cocaine. A defendant's statement that "he did *not* use drugs" necessarily undermines his "argument that personal use is the only reasonable hypothesis of possession." Harper v. Commonwealth, 49 Va. App. 517, 522, 642 S.E.2d 779, 781 (2007); Scott, 55 Va. App. at 174, 684 S.E.2d at 838 (applying the same logic to a defendant's "silence regarding the use" of the drug he was charged with possessing with an intent to distribute). If Graves did not intend to use the cocaine, he must have intended to pass it on to someone who would.

Because the trial court did not err by denying the motion to suppress or finding the evidence sufficient to prove an intent to distribute, we affirm Graves's convictions.

Affirmed.