COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


DARIAN G. PLEASANT, S/K/A
  DARIAN GLENDON PLEASANT
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1765-10-2            JUDGE RUDOLPH BUMGARDNER, III
                                                    NOVEMBER 15, 2011
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                             Joseph J. Ellis, Judge

          Ronald Hur, Assistant Public Defender II, for appellant.

          Susan M. Harris, Assistant Attorney General (Kenneth T. Cuccinelli,
          II, Attorney General, on brief), for appellee.


        Darian G. Pleasant appeals his convictions for possession of marijuana and possession of

cocaine with the intent to distribute.  He contends that the trial court erred by admitting a

statement he made to the police and in finding the evidence sufficient to convict.  Finding no

error, we affirm.

        Police arranged for a confidential informant to purchase crack cocaine from the defendant

at a gas station in western Spotsylvania County.  The defendant was the sole occupant of a

minivan parked in the station lot.  The police arrested him on outstanding warrants, removed him

from the minivan, and placed him in handcuffs.  An officer advised the defendant of his Miranda

rights just after they removed him from the vehicle, and the defendant indicated he understood

his rights.  See Miranda v. Arizona, 384 U.S. 436 (1966).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

After a drug dog alerted, the officers searched the defendant's van and found a shoe box between the two front seats. It contained sixteen knotted plastic baggie corners containing cocaine and one baggie containing marijuana. The officers also recovered several cell phones, a digital scale, and a box of sandwich baggies from a backpack located behind the driver's seat.

After recovering the drugs from the vehicle, Sergeant Murdock Woodard asked the defendant, "Do you have any more up your ass?" The defendant responded, "No." Woodard testified further, "After I asked that, he made a statement about the only thing he had was in the center console area."

The defendant moved to suppress the statement that "the only thing he had was in the center console area." He argued the statement was made in response to interrogation and the evidence did not show that he had waived his Miranda rights. The trial court found the statement was a spontaneous comment and "no question was asked that that would have been a response to." It denied the motion to suppress.

Even if the statement would be considered responsive to the question and made without a voluntary waiver of Miranda rights, admission of the statement would have been harmless error. The defendant concedes that the drugs and contraband found in his vehicle were lawfully obtained and admissible. The record contains overwhelming evidence of the defendant's guilt so that any possible error in admitting his statement about the contents of the center console would be harmless beyond a reasonable doubt. See Jenkins v. Commonwealth, 244 Va. 445, 454, 423 S.E.2d 360, 366 (1992) (admission of a confession harmless based on overwhelming evidence of guilt). Admission of the statement was not reversible error.

The defendant argues that the evidence was insufficient to prove he knowingly possessed marijuana and possessed cocaine with the intent to distribute. "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004).

The defendant was parked at the designated location of an arranged drug buy. He was the sole occupant of the minivan and was seated in close proximity to drugs found next to the driver's seat and to drug paraphernalia found behind the driver's seat. The cocaine was packaged into sixteen baggie corners. Expert testimony explained that sandwich bags were often used to package drugs and that crack cocaine is "most often" packaged in knotted, torn, plastic baggie corners like the baggies recovered in this case. Additional empty baggies and a digital scale were also items used in the distribution of drugs. No user paraphernalia was found, and the street value of the cocaine was about $300.

A fact finder may rely on expert testimony to discern the incriminating import of seemingly innocuous circumstances that nonetheless have incriminating relevance in the drug trade. Williams v. Commonwealth, 52 Va. App. 194, 202, 662 S.E.2d 627, 631 (2008). The presence of equipment related to drug distribution and the manner in which drugs are packaged may be probative of intent to distribute. McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001). The absence of user paraphernalia is "regularly recognized" as a factor indicating an intent to distribute. Scott v. Commonwealth, 55 Va. App. 166, 173, 684 S.E.2d 833, 837 (2009) (*en banc*).

The trial court could infer that the defendant was aware of the nature and character of the drugs located in the minivan, that they were subject to his dominion and control, and that he

intended to distribute the cocaine.  The evidence was sufficient to prove both offenses beyond a reasonable doubt.  Accordingly, we affirm.

<u>Affirmed.</u>