UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Malveaux and Athey
Argued by teleconference

AMBER LEE BOWER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0707-19-3                JUDGE MARY BENNETT MALVEAUX
                                                              JUNE 9, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Joel R. Branscom, Judge

Dana R. Cormier (Dana R. Cormier, P.L.C., on brief), for appellant.

Maureen E. Mshar, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Amber Lee Bower ("appellant") was convicted of possession of methamphetamine with

the intent to distribute, in violation of Code § 18.2-248(C).  On appeal, she argues the trial court

erred in finding sufficient evidence of her contemporaneous intent to distribute the drugs in her

possession.  For the following reasons, we affirm appellant's conviction.

I.  BACKGROUND

"On appeal, we review the evidence in the 'light most favorable' to the Commonwealth,

the prevailing party in the trial court." Stoltz v. Commonwealth, 297 Va. 529, 529 (2019)

(quoting Commonwealth v. Perkins, 295 Va. 323, 323 (2018)).  "This principle requires us to

'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as

true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

therefrom.'" Vay v. Commonwealth, 67 Va. App. 236, 242 (2017) (quoting Parks v. Commonwealth, 221 Va. 492, 498 (1980)).

So viewed, the evidence demonstrates that appellant was wanted on an outstanding *capias* warrant. On December 23, 2017, Deputy Christopher Rosemeier of the Augusta County Sheriff's Office saw appellant leave her house, get into a car, and start driving. Rosemeier stopped appellant, confirmed her identity and the active status of the warrant, arrested appellant, and informed her of her Miranda rights.[1]

In the pocket of the driver's side door, Rosemeier saw a "spoon [that] appeared that it might be burnt." Based upon his training and experience, the deputy knew that such an item "is often used as paraphernalia for using narcotics." Rosemeier searched the car. Behind a loose stereo in the dashboard he found a bag containing "empty plastic baggies, needles, a spoon with residue and another bag that had a crystal substance in it." Rosemeier testified at trial that the empty baggies "appeared to be clean" and were "similar" to the bag that contained the crystal substance. He also testified, without objection and after defense counsel stipulated to his qualifications as a narcotics investigator, that "[u]sually empty plastic bags are common to resell or repackage" drugs. The Virginia Department of Forensic Science analyzed the crystal substance and determined that it contained methamphetamine.[2] The drug and its packaging weighed 0.693 gram. Rosemeier also found appellant's wallet, which contained $313, inside the car. When Rosemeier asked appellant about the money, she told him she had been unemployed since the summer.

---

[1] See Miranda v. Arizona, 384 U.S. 436 (1966).

[2] The trial court found that appellant was in constructive possession of the methamphetamine. That finding is not at issue in this appeal.

Sergeant Michael Roane and Narcotics Investigator W.A. Mikolay of the Augusta County Sheriff's Office interviewed appellant following her arrest. After she was again informed of her <u>Miranda</u> rights, appellant told Roane and Mikolay that for approximately a year she had been purchasing about an ounce of methamphetamine every two to four days from the same supplier. Appellant would pay her supplier $1,300 and "would keep some of [the drug] and then she would sell [the remainder] for fifteen hundred dollars." She stated that by doing so, "she was making a profit as well as keeping some of the meth for her personal use." Appellant also told the officers that she had a half-ounce or ounce of "what she thought maybe [was] fake meth," or "cut," in a blue case at her home.

After obtaining a search warrant, Rosemeier, Roane, and Mikolay searched appellant's residence. In the bedroom, they found $1,300 in cash and a pouch containing empty baggies, two lighters, and a blue bag containing another bag which held a "crystal substance." The Virginia Department of Forensic Science analyzed the crystal material and determined that it was not a controlled substance. Rosemeier testified that as a narcotics investigator he had previously seized substances that had appeared to be drugs but were not. Based upon his training and experience, Rosemeier stated that these substances were used as "cutting agent[s]" to "make the [drugs] go further." Roane testified that the officers found the cutting agent "where [appellant] said it would be and . . . in an object similar to what she said" it would be in.

After the Commonwealth presented its case-in-chief, appellant moved to strike the evidence, arguing that the quantity of drugs found in her car was consistent with personal use and that the Commonwealth had failed to prove her contemporaneous intent to distribute the methamphetamine. The trial court denied the motion based upon "[t]he fact that [appellant] acknowledged to the officer that she was in fact regularly selling drugs," as well as "the quantities . . . , the prices . . . , and the timeframes that she described."

Appellant presented no evidence and renewed her motion to strike. The trial court denied the motion.

The trial court convicted appellant of possession of methamphetamine with the intent to distribute, in violation of Code § 18.2-248(C). The court noted

> the totality of [the] circumstances, the fact that she has admitted to the regular distribution of the drugs, that she was found with a quantity of the drugs, that the cut substance that she described to the officer was found in the room where she said it would be with the money. There were baggies in both places. . . . So I think the Commonwealth has proved by circumstantial evidence . . . the intent to distribute based on her recurrent pattern of distribution as she described it.

This appeal followed.

## II. ANALYSIS

Appellant argues the trial court erred in finding sufficient evidence of her contemporaneous intent to distribute the methamphetamine. Specifically, she contends that the amount and packaging of the drug was consistent with her personal use. Appellant points out that the drug was found in a single baggie together with needles and a spoon with residue, which she contends demonstrates her intent to use the drug herself. Further, she told police that when she bought methamphetamine she kept some for herself and resold the rest; "[t]he logical inference from this admission is that the 0.693 grams was the personal use amount" which resulted from "pinching off a small amount for her[self]."

"This Court reviews a challenge to the sufficiency of the evidence 'in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible from the evidence.' In conducting our review, we do not substitute our judgment for that of the factfinder." Bondi v. Commonwealth, 70 Va. App. 79, 87 (2019) (citation omitted) (quoting Cooper v. Commonwealth, 31 Va. App. 643, 646 (2000) (*en banc*)). Instead, "[w]e ask only if 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt.'" Lambert v. Commonwealth, 70 Va. App. 54, 62-63 (2019) (quoting Johnson v. Commonwealth, 58 Va. App. 303, 313-14 (2011)), aff'd, __ Va. __ (Apr. 9, 2020). Consequently, "[w]e will not reverse the trial court unless its finding was plainly wrong or without evidence to support it." Bondi, 70 Va. App. at 88.

Conviction for possession with intent to distribute a controlled substance requires proof that the defendant possessed the controlled substance "contemporaneously with [her] intention to distribute [it]." Williams v. Commonwealth, 52 Va. App. 194, 201 (2008) (quoting Craddock v. Commonwealth, 40 Va. App. 539, 553 (2003)). "Such intent 'may, and often must, be inferred from the facts and circumstances in a particular case,' including 'the conduct and representations of the defendant.'" Reed v. Commonwealth, 62 Va. App. 270, 280 (2013) (first quoting Ridley v. Commonwealth, 219 Va. 834, 836 (1979); then quoting Norman v. Commonwealth, 2 Va. App. 518, 519 (1986)).

Where intent to distribute a controlled substance is at issue, "[c]ircumstantial evidence that may be probative of . . . intent . . . includes: 'the quantity of the drugs seized, the manner in which they are packaged, and the presence of an unusual amount of cash, equipment related to drug distribution, or firearms,' and whether the quantity of drugs was 'inconsistent with personal use.'" Cole v. Commonwealth, 294 Va. 342, 361 (2017) (first quoting McCain v. Commonwealth, 261 Va. 483, 493 (2001); then quoting Williams v. Commonwealth, 278 Va. 190, 194 (2009)). Further, "the accused's intent 'may be shown by prior bad acts evidence when relevant to prove a material element or issue of the crime charged,'" as such evidence is "probative of . . . present intent." Dunbar v. Commonwealth, 29 Va. App. 387, 391, 392 (1999) (quoting Lafon v. Commonwealth, 17 Va. App. 411, 417 (1993)). While circumstantial evidence "is competent and is entitled to as much weight as direct evidence," Dowden v. Commonwealth,

260 Va. 459, 468 (2000), its "totality . . . must exclude the reasonable hypothesis of possession for personal use," Holloway v. Commonwealth, 57 Va. App. 658, 667 (2011) (*en banc*). This requirement "does not add to the burden of proof placed upon the Commonwealth," but is "simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 258 (2003) (*en banc*) (quoting Commonwealth v. Hudson, 265 Va. 505, 513 (2003)). "Thus, 'the question is not whether "some evidence" supports the hypothesis, but whether a rational factfinder could have found the incriminating evidence renders the hypothesis of [possession for personal use] unreasonable.'" Burton v. Commonwealth, 58 Va. App. 274, 286 (2011) (quoting James v. Commonwealth, 53 Va. App. 671, 682 (2009)). Ultimately, "[t]he trial court's determination on the question of intent is a finding of fact to which we accord great deference and reverse only if clearly erroneous." Sandoval v. Commonwealth, 64 Va. App. 398, 412 (2015). This deference also applies "to any reasonable and justified inferences the [trial court] may have drawn from the facts proved." Sullivan v. Commonwealth, 280 Va. 672, 676 (2010).

Contrary to appellant's arguments, the evidence is sufficient to support the trial court's finding that appellant had the intent to distribute methamphetamine. Appellant was found in possession of approximately seven tenths of an ounce of methamphetamine, together with numerous clean, empty baggies. Deputy Rosemeier, who at the time of trial was a narcotics investigator and whose qualifications as such were stipulated to by appellant, testified that "[u]sually empty plastic bags are common to resell or repackage" drugs. Further, appellant's home contained empty plastic bags and a quantity of a "fake meth" substance, and Rosemeier testified that such "cutting agent[s]" would be used to "make . . . [drugs] go further." Appellant, who possessed over $1,600 in cash despite having been unemployed for several months, also told police that she had been buying about an ounce of methamphetamine every two to four days and

that she would keep some, sell the remainder, and thus provide for her own drug use while "making a profit." Appellant's admission to previously selling small amounts of methamphetamine was relevant evidence to support her intent to sell at least some of the drug in her possession. Dunbar, 29 Va. App. at 391. Further, although appellant characterizes the amount of methamphetamine she possessed as a "small amount" and contends that this supports the "logical inference" that it was her "personal use amount," even "possession of a small amount of a drug, 'when considered with other circumstances, may be sufficient to establish an intent to distribute.'" White v. Commonwealth, 25 Va. App. 662, 668 (1997) (*en banc*) (quoting Monroe v. Commonwealth, 4 Va. App. 154, 156 (1987)). Lastly, even though appellant also possessed items which arguably were evidence of her personal use of methamphetamine— spoons and syringes—such evidence of her personal use of the drug is not dispositive with respect to her intent. See Dunbar, 29 Va. App. at 394 ("Although defendant contends the presence of drug paraphernalia is probative of his intent to personally use cocaine, and not to distribute, such evidence does not conclusively refute a finding of intent to distribute."). Considering this evidence in its totality, a rational fact-finder could have found that appellant intended to distribute the methamphetamine and rejected as unreasonable her claim that the drug was exclusively for her personal use.[3]

---

[3] Appellant also contends that the instant case is distinguishable from Scott v. Commonwealth, 55 Va. App. 166 (2009) (*en banc*). In Scott, we held that the evidence was sufficient to reject the defendant's personal use hypothesis and sustain his conviction for possession of cocaine with the intent to distribute. Id. at 172-74. We noted that the only evidence consistent with personal use was the small quantities of powder and rock cocaine found in two baggies on the defendant's person. Id. at 170, 173. By contrast, the defendant possessed a firearm and his cocaine was "packaged individually in baggie corners, making them easier and more profitable to sell." Id. at 174. Appellant attempts to distinguish Scott by focusing on her statements acknowledging personal use of the drug at issue and her possession of drug use paraphernalia—both absent in Scott—while maintaining that the packaging of the drug suggests it was intended for personal use. She thus implies that, unlike in Scott, there were no factors present in the instant case which the trial court could regard as indicative of her intent to distribute drugs. However, this argument fails to acknowledge the presence of clean, empty

III.  CONCLUSION

For the foregoing reasons, we hold that the trial court did not err in finding sufficient evidence of appellant's contemporaneous intent to distribute methamphetamine.  Accordingly, we affirm.

<u>Affirmed.</u>

---

baggies in the same location as appellant's methamphetamine, which Deputy Rosemeier testified were consistent with drug repackaging and resale.  It further fails to account for appellant's own admission to selling quantities of less than one ounce of methamphetamine.  Thus, as in <u>Scott</u>, the trial court here had sufficient evidence before it to support a finding that appellant's possession of drugs was inconsistent with personal use and that she had the intent to distribute.