COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Causey and Senior Judge Petty

NAHHIME ARMONI SAWYER

v.     Record No. 1048-23-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 24, 2024

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
James C. Hawks, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Andrew T. Hull, Assistant
Attorney General, on brief), for appellee.

Following a jury trial, the Circuit Court of the City of Hampton convicted Nahhime

Armoni Sawyer of possession of a Schedule I or II controlled substance with the intent to distribute,

in violation of Code § 18.2-248; possession of a firearm while possessing a Schedule I or II

controlled substance with the intent to distribute, in violation of Code § 18.2-308.4; possession of a

firearm by a convicted violent felon, in violation of Code § 18.2-308.2; possession of a concealed

weapon, in violation of Code § 18.2-308; and providing a false identity to a law enforcement

officer, in violation of Code § 19.2-82.1. On appeal, Sawyer argues that the evidence was

insufficient to support his convictions.[1] After examining the briefs and record in this case, the

panel unanimously holds that oral argument is unnecessary because "the dispositive issue or issues

have been authoritatively decided, and the appellant has not argued that the case law should be

overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b).

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Sawyer, however, does not challenge his conviction for providing a false identity.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, [as] the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

Detective A. Woolard of the Hampton Police Department testified at trial that on July 10, 2021, he and Detective Bruner were on patrol when they saw a white Nissan "pass in front of us" that "did not have a front license plate." The officers then initiated a traffic stop on the vehicle — which was driven by Sawyer — for the license plate violation. Detective Woolard recounted, "So I approached the driver's side door, and the driver did not roll down the window, which is unusual. And I stood there and monitored him while he was looking at the passenger." Detective Woolard recalled, "Eventually, he [Sawyer] did open the door, which is, again, unusual for a normal traffic stop." He noticed that Sawyer's

> carotid artery on his neck was pulsating. He would not make direct eye contact with me. When I asked for his license and registration, he continued to keep his right elbow on the center console, the thing that you would lift up, and he tried to pull something out of his left pocket.

Detective Woolard also noticed "a large amount of US currency in that pocket."

Detective Woolard further testified that Sawyer "was extremely nervous," and he noted that Sawyer provided the officers with two false names and two different addresses. During the traffic stop, Sawyer spoke on the phone to his aunt, Simone Johnson, who Detective Woolard said "also provided me with a false name for the individual." The officers determined that the vehicle was

- 2 -

registered to a rental company under the name of Sawyer's aunt. Detective Woolard recounted that "after 17 minutes of trying to figure out who the driver was," the officers "decided to remove him [Sawyer] from the vehicle because he was providing false information to police -- and he was going to be fingerprinted to determine his identity." Detective Woolard then stated, "As soon as he removed his arm from the center console, I noticed that firearm half sticking out of the center console." He noted that the passenger, who was cooperative during the traffic stop, had a separate firearm "in a holster, and it was on the dashboard in plain view." Detective Bruner then searched the vehicle, and he found a plastic bag containing 22.96 grams of cocaine in the center console, along with the firearm. The officers also found $3,230 in cash sorted by denominations in Sawyer's left pocket. Sawyer eventually provided his actual identity to the officers.

A Hampton grand jury indicted Sawyer on three felony charges of possessing a Schedule I or II controlled substance with the intent to distribute, possessing a firearm while possessing a Schedule I or II controlled substance with the intent to distribute, and possessing a firearm as a convicted violent felon. Sawyer was also charged with two misdemeanors: (1) possession of a concealed weapon and (2) providing a false identity to a law enforcement officer.

Detective E. Strano of the Hampton Police Department testified at trial as an expert in cocaine distribution. He described several factors that suggest cocaine distribution, such as "the weight of the cumulative narcotics recovered, how they are packaged, whether there is personal use equipment on scene, the presence of scales, cell phones, any firearms being present, currency in large amounts." Detective Strano opined that the 22.96 grams of cocaine recovered from the center console of the vehicle driven by Sawyer "is a large amount with a street value of over $2,000. So this would be a lot, and we wouldn't come across this amount just on a normal traffic stop often." He surmised that the plastic bag of cocaine "was just picked up as a bulk purchase to later be broken down and distributed." Given the large quantity of cocaine recovered, the large amount of cash

sorted into denominations, the rental car, the cell phone, the firearm, and the absence of any smoking-related devices, Detective Strano concluded that the evidence was indicative of cocaine distribution rather than mere personal use.

After the Commonwealth presented its evidence, Sawyer's counsel moved to strike the drug and firearm charges, arguing that "all we have here is one bag of cocaine. There were not other indicia you would typically see with distribution-type offenses." He maintained that "a reasonable fact-finder, even in viewing that evidence in the light more favorable to the Commonwealth, could certainly find there was a possession of cocaine but could not find that that possession was with the intent to distribute it based on what we have here and what's come into evidence." He emphasized that "we have two people in the vehicle, both equidistant from where these items of contraband were found," so there is reasonable doubt "as to who actually exercised dominion and control over those items at the time." The trial court denied the motion, finding that "the Commonwealth has made a prima facie case as to all the charges, and we are left with a determination of fact, which is within the realm of the jury."

Sawyer's counsel renewed his motion to strike after choosing not to present any evidence, and the trial court denied the renewed motion to strike. The jury subsequently returned guilty verdicts on each of the charged offenses. Counsel for Sawyer then moved to set aside the verdicts. The trial court denied that motion, and it found Sawyer guilty of the charged offenses in accordance with the jury's guilty verdicts. Sawyer appeals to this Court.

ANALYSIS

On appeal to this Court, Sawyer contends, "The trial court erred in denying Sawyer's motion to strike." He argues that "the evidence was insufficient to prove that Sawyer was in knowing constructive possession of the firearm or the drugs or that he exercised dominion and control over the items." He also argues that "the Commonwealth failed to exclude the

reasonable hypothesis of innocence that the firearm and cocaine belonged to the other occupant of the rental car, without any possession or exercise of dominion and control by Sawyer."

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary." *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009) (quoting *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008)). Constructive possession principles apply equally to considering possession of a firearm and possession of illegal drugs. *See id.* "Establishing constructive possession requires proof 'that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control.'" *Watts v. Commonwealth*, 57 Va. App. 217, 232-33 (2010) (alteration in original) (quoting *Powers v. Commonwealth*, 227 Va. 474, 476 (1984)). "Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband." *Archer v.*

*Commonwealth*, 26 Va. App. 1, 12 (1997). In addition, although "ownership or occupancy alone is insufficient to prove knowing possession of drugs located on the premises or in a vehicle," it "is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle or on the premises in order to prove that the owner or occupant constructively possessed the contraband." *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992). The Commonwealth is not required to prove that the defendant's possession was exclusive. *Smallwood*, 278 Va. at 630. The question of whether evidence is sufficient to prove constructive possession "is largely a factual one and must be established by evidence of the acts, declarations and conduct of the accused." *Id.* at 631 (quoting *Ritter v. Commonwealth*, 210 Va. 732, 743 (1970)).

As this Court has recognized, "Because direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence." *Scott v. Commonwealth*, 55 Va. App. 166, 172 (2009) (*en banc*) (alteration in original) (quoting *Servis v. Commonwealth*, 6 Va. App. 507, 524 (1988)). Factors that "may constitute probative evidence of intent to distribute a controlled substance" include "the quantity of the drugs seized, the manner in which they are packaged, and the presence of an unusual amount of cash, equipment related to drug distribution, or firearms." *McCain v. Commonwealth*, 261 Va. 483, 493 (2001). "Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use." *Ervin v. Commonwealth*, 57 Va. App. 495, 522 (2011) (*en banc*) (quoting *Askew v. Commonwealth*, 40 Va. App. 104, 109 (2003)).

It is well-established that in considering a sufficiency challenge, "[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing." *Pijor v. Commonwealth*, 294 Va. 502, 512

(2017) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)). The Commonwealth "need exclude only reasonable hypotheses of innocence that 'flow from the evidence itself, and not from the imagination' of the defendant." *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (quoting *Pijor*, 294 Va. at 512). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." *Pijor*, 294 Va. at 512-13 (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). In other words, "the accumulation of various facts and inferences, each mounting upon the others, may indeed provide sufficient evidence beyond a reasonable doubt of a defendant's guilty knowledge of contraband." *Ervin*, 57 Va. App. at 505.

Here, Detective Woolard testified that Sawyer — the driver of the vehicle that was rented under his aunt's name — provided the officers with two false names and two different addresses during the traffic stop. He noted that Sawyer "was extremely nervous" during the traffic stop and that Sawyer would not make direct eye contact with him. Sawyer "continued to keep his right elbow on the center console," and "[a]s soon as he removed his arm from the center console," Detective Woolard "noticed that firearm half sticking out of the center console." *See Leonard v. Commonwealth*, 39 Va. App. 134, 149 (2002) ("[I]t is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, *concealment*, *assumption of a false name*, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." (emphasis added) (quoting *Langhorne v. Commonwealth*, 13 Va. App. 97, 102 (1991))). The firearm was found in the same center console as the bag of cocaine, suggesting that Sawyer knowingly possessed both the firearm and the cocaine. Sawyer's counsel even conceded at trial, while arguing his motion to strike, that the jury "could certainly find there was a possession of cocaine."

In addition, Detective Strano testified that the large quantity of cocaine was inconsistent with personal use. *See Cole v. Commonwealth*, 294 Va. 342, 362 (2017) ("'[Q]uantity, alone, may be sufficient to establish such intent [to distribute] if it is greater than the supply ordinarily possessed for one's personal use,' whereas 'possession of a small quantity creates an inference that the drug was for the personal use of the defendant.'" (alterations in original) (quoting *Dukes v. Commonwealth*, 227 Va. 119, 122 (1984))). Along with the cocaine and the firearm that were recovered from the center console, Sawyer was also found with $3,200 in cash and a cell phone, and the officers did not find any smoking-related devices in the vehicle that would point to personal use. Furthermore, unlike Sawyer, Sawyer's passenger cooperated with the officers, and he possessed a separate firearm "in a holster, and it was on the dashboard in plain view," making it unlikely that the passenger possessed two separate firearms. Therefore, considering the totality of the evidence, we cannot say that the evidence was insufficient to support Sawyer's convictions for possession of cocaine with the intent to distribute, possession of a firearm while possessing cocaine with the intent to distribute, possession of a firearm by a convicted violent felon, and possession of a concealed weapon.

## CONCLUSION

For all of the foregoing reasons, we affirm the trial court's judgment, and we uphold each of Sawyer's convictions.

*Affirmed.*